Daniel P. Massey
Arizona State Bar No. 006089
THE MASSEY LAW FIRM
14300 N. Northsight Blvd., Suite 121
Scottsdale, Arizona  85260
Tel:  (602) 955-0055
Fax: (602) 955-3161
dan@dmasseylaw.com
*Attorney for Plaintiff*

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Delani Stephens, as Administrator for and on behalf of the Estate of Glenn Anderson,<br><br>Plaintiff,<br><br>v.<br><br>United States of America, on behalf of it's Agencies and/or Agents United States Department of Veterans Affairs, The Northern Arizona VA Health Care System,<br><br>Defendants. | Case #: _____<br><br>**COMPLAINT** |

COMES NOW the Plaintiff above named, by and through her attorney undersigned, and for her cause of action against the Defendant United States of America (hereinafter referred to as Defendant USA), states and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Glenn Anderson was at all times relevant to this matter a resident of Arizona, and thus this Court has jurisdiction over this matter.

2. This action arises from medical care and treatment of Glenn Anderson at The

Department of Veteran Affairs Hospital, the Northern Arizona VA Health Care System, further providing this Court has jurisdiction over this matter.

3.     This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, as hereinafter more fully appears.

4.     Defendant USA, pursuant to the above-stated provision, is responsible for money damages for personal injury caused by the negligent wrongful act or omission of any employee(s)/agent(s) of the United States of America, while acting within the scope of employment or agency.

5.     The United States District Court for the District of Arizona, has exclusive original jurisdiction of civil actions on claims against the United States of America for money damages for personal injury caused by the negligent wrongful act or omission of any employee(s) or agent(s) of the United States of America, while acting within the scope of employment or agency as alleged herein.

6.     At all times material hereto, VA physicians and staff were operating as employees and/or agents of The Department of Veteran Affairs Hospital, the Northern Arizona VA Health Care System, agency of Defendant USA, and all actions taken by physicians/staff and pertinent hereto were within the course and scope of that agency and/or employment.

7.     The Defendant USA is vicariously responsible for the negligent actions of its agency, agents and/or employees.

8.     Plaintiff has fully complied with the filing of an administrative claim to the responsible federal agency, prior to the initiation of this suit 28 U.S.C. § 5(a).  Plaintiff demanded in that claim a sum certain in the amount of $ 300,000.00.  However, since that

Notice of Claim was served, Plaintiff's damages have increased as Plaintiff has continued to suffer damages attributable to the Defendants in this matter.

9. More than six months before this action was instituted, the claim set forth herein was presented to the appropriate federal agency, including the U.S. Department of Veteran Affairs, VA Medical Center; with the Department of Veterans Affairs having failed to respond, Plaintiff herein files suit against Defendant USA within the statutorily allowed time of six months from the date of the failure to respond and within the two year statute of limitations.

10. Under the Federal Claims Tort Act, 28 U.S.C. § 2402 does not provide for a jury trial for claims brought against the United States of America.  In cases where other private parties are joined as Defendants with the United States, a Defendant may ask for a jury to consider the claims against the other private Defendants, and for advice to the judge regarding claims against the United States.  No other such private parties are joined in this matter.

11. Plaintiff asserts that venue is proper in this District pursuant to 28 U.S.C. § 1391(a) due to the Defendant's primary place of business; as well as the location of the majority or all subsequent medical care and treatment.

12. The amount in controversy substantially exceeds the jurisdictional requirement for jurisdiction with this Court.

**FACTS COMMON TO ALL COUNTS**

13. This cause of action is premised upon negligent acts of The Department of

3

Veteran Affairs Hospital, the Northern Arizona VA Health Care System, and its other presently unknown physicians or healthcare workers.  Mr. Glenn Anderson died as an inpatient at the Northern Arizona VA Health Care System on June 6, 2018, however the toxicology and final autopsy was received from Dr. Philip Keen on June 27, 2018 which is when the claimants were made aware of medical negligence and/or wrong doing by the representatives of the Defendant who were agents/employees of the Veterans Administration.

14. An independent autopsy was performed by Dr. Philip Keen who determined Glenn Leroy Anderson's "death is a circulatory and respiratory depression death which can reasonably be attributed to the drug levels detected."  The toxicology test results outlined Fentanyl, Oxycodone and Oxymorphone levels to be above therapeutic range.  Dr. Keen stated, "The cumulative effects of these opiate drugs would predictably be respiratory depression.  This would typically be manifest as pulmonary congestion, which he clearly had."

15. The elevated levels of opiate drugs which were administered by the Northern Arizona VA Health Care System employees/agents which ultimately overdosed Mr. Anderson and caused the untimely death of Glenn Anderson.

16. As a result of the negligence of Defendant's agents/employees, the Claimant has suffered extensive damages, including the loss of Glenn Anderson's life, severe mental anguish and suffering.

17. As a direct and proximate result of the healthcare providers, including The Department of Veteran Affairs Hospital, the Northern Arizona VA Health Care System, and it's physician's/staff's failure to comply with the appropriate standard of medical care, Mr.

Anderson's overdose went undetected and ultimately caused his untimely death.

18. Delani Stephens was duly appointed Administrator of the Glenn Anderson's Estate, and she has acted and is still acting as such Administrator.

19. As a result of the negligence of Defendant's agents/employees, Plaintiff has suffered extensive damages; and by virtue of the aforesaid wrongful death of Decedent Glenn Anderson, his family was deprived of his comfort, support and society.  Mr. Anderson's family has suffered severe mental anguish and suffering, and they have been otherwise peculiarly damaged as a result therefrom.

20. Defendants' actions during this period of time, were below the medical standard of care, and were performed in a negligent manner.  Defendants' actions and/or lack of actions, resulted in a severe overdose resulting in the death of Mr. Anderson.

21. Upon information and belief, Glenn Anderson received care from The Department of Veteran Affairs Hospital, the Northern Arizona VA Health Care System, and it's physicians and staff, as stated above; and, that those medical care providers' actions were below the standard of care and were performed in a negligent manner, and ultimately caused and/or contributed to the untimely death of Glenn Anderson.

## COUNT I - NEGLIGENCE OF DEFENDANT UNITED STATES OF AMERICA & ITS AGENTS

22. Plaintiff re-alleges and incorporates by reference paragraphs 1-21 above, to avoid repetition.

23. Defendants' physicians and staff, undertook to perform and furnish medical

care, attention, diagnosis, analysis, counsel, treatment, medical procedures, medical supervision, and care of Glenn Anderson.  Mr. Anderson and Plaintiff relied upon the Defendants as specialists or providers of medical care in their designated fields and, as such, the relationship of patient and physician/health care provider was thereby created.

24.   Thereafter, Defendant USA's physicians and other care providers, were responsible for and were under a duty to advise, inform, counsel, diagnose, appropriately monitor, evaluate and treat Glenn Anderson's medical care and treatment.

25.   Defendant USA's physicians and staff, had the duty to provide to its patient Glenn Anderson the services of competent and qualified medical and other health care and to properly order and complete appropriate treatment, and to render the same in accordance with the standards of the medical community.  Glenn Anderson and Plaintiff relied upon the Defendant's agents' covenant to so render competent care.  Defendants breached this duty.

26.   Defendant USA's physicians/health care providers and staff had several duties regarding the care of Glenn Anderson including, but not limited to, the duty to provide proper medical and other health care and treatment and owed Glenn Anderson and Plaintiff a duty to provide the degree of care, diligence and technical skill required of the condition for which Mr. Anderson presented for care.

27.   As a direct and proximate result of Defendant USA's agents' negligent care and treatment of Glenn Anderson, Mr. Anderson's overdose went undetected and ultimately caused his untimely death   These failures by Defendant USA's agents were below the standard of care.

28.   As a further direct and proximate result of the Defendant's negligent acts, which fell below the applicable standard of care of healthcare providers, Plaintiff has suffered

lost income, funeral and burial expenses, medical expenses, prospective earning capacity, pain and suffering prior to the death of Glenn Anderson and the loss of love, affection, companionship, guidance, consortium and personal anguish.

29. By reason of the foregoing, Plaintiff has been damaged in an amount in excess of the jurisdictional limits of this court and in an amount to be determined at trial, together with costs and disbursements of this action, and with such other and further relief as the Court may deem just and proper.

30. As a further direct and proximate result of Defendant's negligent care and treatment, Plaintiff has sustained general damages in a sum to be determined.

## COUNT II - NEGLIGENCE OF DEFENDANT USA'S AGENCY DEPARTMENT OF VETERANS AFFAIRS AND/OR THE NORTHERN ARIZONA VA HEALTH CARE SYSTEM

31. Plaintiff re-alleges and incorporates by reference paragraphs 1-30 above, to avoid repetition.

32. The Defendant's agency, The Department of Veteran Affairs Hospital, the Northern Arizona VA Health Care System, is an agency of which physicians and staff acted as employees and/or agents. The acts of which are binding under the doctrine of respondeat superior and/or Principal/Agent.

33. The Defendant and its agency and agents, either individually or by and through their duly-authorized agents, servants and/or employees, had the duty to provide to Glenn Anderson the services of competent and qualified medical care and to properly order and

complete appropriate medical care and treatment, including, but not limited to, advice, information, counsel, diagnosis, and treatment, and to render the same in accordance with the standards of the medical community. Glenn Anderson and Plaintiff relied upon Defendant's agency and agents' covenant to so render competent care. Defendant's agency and/or agents breached this duty.

**DEMAND AGAINST DEFENDANT**

34. Plaintiff re-alleges and incorporates herein by reference paragraphs 1-33 above, to avoid repetition.

35. Plaintiff is entitled to a judgment in her favor and against Defendant USA in an amount to be determined by the Court, to be full, fair, and reasonable compensation for the medical negligent actions and/or inactions provided to Glenn Anderson; and Plaintiff's losses, harms and damages suffered as a result of the death of Glenn Anderson, plus costs, interest, and attorney fees.

WHEREFORE, Plaintiff in this action requests that this Honorable Court grant the relief that is just, reasonable, and equitable, against Defendants, for a sum certain in the amount of not less than Three Hundred Thousand Dollars ($300,000.00), plus any applicable interest, post-judgment interest, attorney fees, and costs that this Court deems proper against any Defendants as permitted by the applicable law.

…

…

. RESPECTFULLY SUBMITTED this 25th Day of June, 2021.

         THE MASSEY LAW FIRM, P.C.

         /s/ Daniel P. Massey

         DANIEL P. MASSEY, ESQ.
         14300 N. Northsight Blvd., Suite 121
         Scottsdale, Arizona 85260
         dan@dmasseylaw.com
         Tel: (602) 955-0055
         Attorney for Plaintiff

CERTIFICATE OF SERVICE:

I hereby certify that on June 25, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.

  /s/ Feather Proctor
FEATHER R. PROCTOR